# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>  Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| ALAMEDA RESEARCH LTD.,<br><br>  Plaintiff,<br><br>- against -<br><br>ALEKSANDR "SASHA" IVANOV, NUMERIS LTD., DLTECH LTD., and JOHN DOES 1-20,<br><br>  Defendants. | Adv. Pro. No. 24-50221(JTD) |

## CASE MANAGEMENT PLAN AND SCHEDULING ORDER

1. This Case Management Plan and Scheduling Order, by and among Plaintiff Alameda Research Ltd. and Defendant Aleksandr "Sasha" Ivanov (collectively "Parties" and each a "Party") shall apply in the above-captioned adversary proceeding.

    a. The term "Complaint" as used herein shall mean the complaint filed in the above-captioned adversary proceeding on November 10, 2024.

    b. The term "Defendant" as used herein shall mean Defendant Aleksandr "Sasha" Ivanov.

    c. Defendant has accepted service of process. Other than those relating to service of process or sufficiency of process, Defendant reserves any and all rights, claims, and defenses, including for the avoidance of doubt any defenses relating to personal jurisdiction.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

2. **Motion to Stay Discovery.** If Defendant elects to file a motion to stay discovery pending the resolution of any motion(s) to dismiss, the schedule for the briefing and hearing shall be as follows:

   a. Moving brief due January 7, 2025;

   b. Opposition to any motion to stay shall be due January 16, 2025;

   c. Reply due January 20, 2025; and

   d. Defendant may request that the Court hear the motion at the January 23, 2025 omnibus hearing, and Plaintiff will not oppose.

3. **Response to Complaint.** Defendant shall have until January 24, 2025 to answer, move against, or otherwise respond to the Complaint. If Defendant elects to file a motion to dismiss, the schedule for the briefing shall be as follows:

   a. Moving brief due January 24, 2025;

   b. Opposition to any motion to dismiss shall be due March 21, 2025; and

   c. Reply due April 18, 2025.

4. The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Court.

   a. **Initial Disclosures.** Each Party shall serve its initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Rule") as incorporated in this action by Rule 7026 of the Federal Rules of Bankruptcy Procedure no later than January 27, 2025.

   b. **Fact Discovery.**

      i. The Parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery beginning on or after January 27, 2025.

      ii. The Parties may serve on non-parties subpoenas pursuant to Rule 45 (BR 9016) beginning on or after January 27, 2025.

      iii. The Parties shall substantially complete their production of documents in response to document requests served on or before April 25, 2025, by June 27, 2025 (with substantial rolling productions beginning no later than March 10, 2025 in response to requests served on or before February 3, 2025).

      iv. The Parties shall provide logs of documents withheld or redacted on privilege grounds by July 18, 2025.

    v.      Deposition notices shall be served no less than 21 days prior to the deposition date. Plaintiffs and Defendants shall each be entitled to take a total of 10 depositions of fact witnesses. Additional depositions may be requested upon motion to the Court on good cause shown.

    vi.     Fact discovery, including depositions, shall be completed by August 29, 2025.

c. **Expert Discovery.**

    i.      Plaintiffs' initial expert reports—including expert submissions of foreign law—if any, shall be served by August 29, 2025, and they shall serve a disclosure listing the experts they intend to make submissions for, including the general subject matter of those submissions, by August 8, 2025.

    ii.     Defendants' expert reports— including expert submissions of foreign law and including rebuttal reports in response to Plaintiffs' initial expert reports and expert reports on a subject not addressed in Plaintiffs' initial expert reports—if any, shall be served by October 31, 2025, and they shall serve a disclosure listing the experts they intend to make submissions for, including the general subject matter of those submissions, by October 10, 2025.

    iii.    In the event that Defendants serve expert reports addressing a subject not addressed in Plaintiffs' initial expert reports, if any, Plaintiffs may serve rebuttal expert reports in response thereto by December 19, 2026.

    iv.    All expert reports must satisfy the requirements of Rule 26 (BR 7026).

    v.     Expert depositions shall be completed by January 23, 2026.

d. **Dispositive Motions.**

    i.      Motions for summary judgment shall be due no later than February 27, 2026.

    ii.     Oppositions to motions for summary judgment, if any, shall be due April 10, 2026.

    iii.    Replies in support of summary judgment shall be due May 8, 2026.

5. **Jurisdiction.** Nothing in this Case Management Plan and Scheduling Order shall be deemed a waiver of the Defendants' rights under Local Rule 9013-1(h) or other jurisdictional objections, including objections based on personal jurisdiction.

6. **Modification.** The Parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

**Dated: January 8th, 2025**
**Wilmington, Delaware**

*(signature)*
JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE