**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,<br><br>                    Debtors. | Chapter 11<br><br>Case No. 22-11068 (KBO)<br><br>(Jointly Administered) |
| FTX RECOVERY TRUST,<br><br>                    Plaintiff,<br><br>-against-<br><br>ALEKSANDR "SASHA" IVANOV, NUMERIS LTD., DLTECH LTD., and JOHN DOES 1-20,<br><br>                  Defendants. | Adv. Pro. No. 24-50221 (KBO) |

**MOTION OF PLAINTIFF TO EXCEED PAGE LIMIT WITH RESPECT TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ALEKSANDR "SASHA" IVANOV'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

Plaintiff FTX Recovery Trust ("Plaintiff") submits this *Motion of Plaintiff to Exceed Page Limit with Respect to Plaintiff's Memorandum of Law in Opposition to Defendant Aleksandr "Sasha" Ivanov's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* (the "Motion"). In support of the Motion, the Plaintiff states as follows:

**BACKGROUND**

1. On November 10, 2024, Debtor Alameda Research Ltd.[1] initiated the above-captioned adversary proceeding (the "Adversary Proceeding") by filing the *Complaint for*

---

[1] On October 8, 2024, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order"). On January 3, 2025, the *Debtors' Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [D.I 26404-1] (the "Plan") became effective [D.I. 29127]. On that date, pursuant to § 5.7 of the Plan, the FTX Recovery Trust was established and, pursuant to § 5.17 of the Plan and ¶ 51 of the Confirmation Order, all Causes

*Turnover of Assets Pursuant to 11 U.S.C. § 542, Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362, Conversion and Fraud* [Adv. D.I. 1] (the "Complaint"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On January 24, 2025, Defendant Aleksandr "Sasha" Ivanov ("Defendant") filed a *Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* along with his memorandum of law in support thereof [Adv. D.I. 14] (the "Motion to Dismiss"), totaling thirty-one pages.

3. Contemporaneously herewith, Plaintiff has filed *Plaintiff's Memorandum of Law in Opposition to Defendant Aleksandr "Sasha" Ivanov's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* (the "Memorandum in Opposition") responding to all arguments made by the Defendant in his Motion to Dismiss. Excluding exhibits, the as-filed Memorandum in Opposition is 35 pages.

## RELIEF REQUESTED

4. By this Motion, Plaintiff respectfully requests entry of an order, substantially in the form attached hereto as Exhibit 1 (the "Proposed Order"), authorizing Plaintiff to exceed the page limit requirement for the Memorandum in Opposition.

## BASIS FOR RELIEF

5. Rule 7007-2(a)(iv) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides that "no opening or answering brief shall exceed thirty (30) pages in length." Del. Bankr. L.R. 7007-2(a)(iv). However, Local

---

of Action and the right to enforce such Causes of Action vested exclusively in the FTX Recovery Trust, as defined therein. On February 13, 2025, the FTX Recovery Trust filed a *Notice of Substitution of Plaintiff* in accordance with the Bankruptcy Court's order authorizing substitution [D.I. 29554], substituting the FTX Recovery Trust as plaintiff.

Rule 7007-2(a)(iv) also provides that an opening or answering brief may exceed thirty (30) pages with leave of the Court. Del. Bankr. L.R. 7007-2(a)(iv).

6. Plaintiff has filed its Memorandum in Opposition simultaneously with the filing of this Motion. The Memorandum in Opposition is 35 pages and sets forth the bases for denying the Motion to Dismiss.

7. Although Plaintiff has made the Memorandum in Opposition as succinct as possible, it is unable to provide the Court with the information necessary for the full and fair adjudication of the Motion to Dismiss within the thirty-page limit. The Motion to Dismiss and memorandum in support thereof, includes various and differing important legal and factual arguments, including fact-bound arguments relating to the issue of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Put simply, the scope and complexity of the factual and legal arguments asserted in the Motion to Dismiss makes it impossible for Plaintiff to respond appropriately within the confines of the thirty-page limit proscribed by the Local Rules.

8. Authorizing Plaintiff's Memorandum in Opposition to exceed the page limitation set under Local Rule 7007-2 is reasonable and appropriate under the circumstances. Given the circumstances, *i.e.*, where the Memorandum in Opposition is a response to a Motion to Dismiss and memorandum in support thereof with varied and complex legal and factual arguments in support of the Motion to Dismiss, Plaintiff submits that there is more than ample justification for the relief requested herein.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court enter the Proposed Order, substantially in the form submitted herewith (i) granting Plaintiff leave for the Memorandum in Opposition to exceed the page limitation imposed by Local Rule 7007-2 and (ii) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: March 21, 2025<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Richard S. Cobb*<br>Adam G. Landis (No. 3407)<br>Richard S. Cobb (No. 3157)<br>Matthew B. McGuire (No. 4366)<br>Howard W. Robertson, IV (No. 6903)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>            cobb@lrclaw.com<br>            mcguire@lrclaw.com<br>            robertson@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br><br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Stephen Ehrenberg (admitted *pro hac vice*)<br>Justin J. DeCamp (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>Email:   gluecksteinb@sullcrom.com<br>            ehrenbergs@sullcrom.com<br>            decampj@sullcrom.com<br>            dunnec@sullcrom.com<br><br>*Counsel for Plaintiff* |