**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (KBO) |
| Debtors. | (Jointly Administered) |
| FTX RECOVERY TRUST, | |
| Plaintiff, | Adv. Pro. No. 24-50221 (KBO) |
| - against - | |
| ALEKSANDR "SASHA" IVANOV, NUMERIS LTD., DLTECH LTD., and JOHN DOES 1-20, | |
| Defendants. | |

**MOTION OF DEFENDANT ALEKSANDR "SASHA" IVANOV TO
EXCEED PAGE LIMIT WITH RESPECT TO DEFENDANT'S REPLY
IN FURTHER SUPPORT OF HIS MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

Defendant Aleksandr "Sasha" Ivanov ("Defendant") submits this *Motion of Defendant Aleksandr "Sasha" Ivanov to Exceed Page Limit with Respect to Defendant's Reply in Further Support of His Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* (the "Motion").  In support of the Motion, Defendant states as follows:

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.

## BACKGROUND

1.      On November 10, 2024, Debtor Alameda Research Ltd.[2] initiated the above-captioned adversary proceeding by filing the *Complaint for Turnover of Assets Pursuant to 11 U.S.C. § 542, Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362, Conversion and Fraud* [Adv. D.I. 1] (the "Complaint"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      On January 24, 2025, Defendant filed a *Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* [Adv. D.I. 14] (the "Motion to Dismiss"), totaling 30 pages exclusive of the cover page, table of contents, table of authorities, and signature block.

3.      On March 21, 2025, Plaintiff filed *Plaintiff's Memorandum of Law in Opposition to Defendant Aleksandr "Sasha" Ivanov's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* [Adv. D.I. 26] (the "Opposition").

4.      Simultaneously therewith, Plaintiff filed the *Declaration of Christopher J. Dunne in Support of Plaintiff's Memorandum of Law in Opposition to Defendant Aleksandr "Sasha" Ivanov's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* [Adv. D.I. 27] (the "Dunne Declaration").  The Dunne Declaration attached 238 pages of exhibits in support of the Opposition.

---

[2]     On October 8, 2024, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the *Findings of Fact, Conclusions of Law and Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of FTX Trading Ltd. and its Debtor Affiliates* [D.I. 26404] (the "Confirmation Order"). On January 3, 2025, the *Debtors' Second Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [D.I 26404-1] (the "Plan") became effective [D.I. 29127]. On that date, pursuant to § 5.7 of the Plan, the FTX Recovery Trust (the "Plaintiff") was established and, pursuant to § 5.17 of the Plan and ¶ 51 of the Confirmation Order, all Causes of Action and the right to enforce such Causes of Action vested exclusively in the FTX Recovery Trust, as defined therein. On February 13, 2025, Plaintiff filed a *Notice of Substitution of Plaintiff* in accordance with the Bankruptcy Court's order authorizing substitution [D.I. 29554], substituting the FTX Recovery Trust as Plaintiff.

5.      Plaintiff also filed on March 21, 2025, the *Declaration of Ian Robert Wilson K.C. in Support of Plaintiff's Memorandum of Law in Opposition to Defendant Aleksandr "Sasha" Ivanov's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* [Adv. D.I. 28] (the "Wilson Declaration"), which attached nearly 700 pages of English legal authority in support of the Opposition.

6.      Simultaneously with the Opposition, Dunne Declaration, and Wilson Declaration, Plaintiff filed the *Motion of Plaintiff to Exceed Page Limit with Respect to Plaintiff's Memorandum of Law in Opposition to Defendant Aleksandr "Sasha" Ivanov's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* [Adv. D.I. 29].

7.      On March 25, 2025, the Court entered the *Order Granting Motion of Plaintiff to Exceed Page Limit with Respect to Plaintiff's Memorandum of Law in Opposition to Defendant Aleksandr "Sasha" Ivanov's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* [Adv. D.I. 30].

8.      Contemporaneously herewith, Defendant has filed *Defendant Aleksandr "Sasha" Ivanov's Reply in Further Support of His Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* (the "Reply") responding to arguments raised in the Opposition. Excluding exhibits, the as-filed Reply is 20 pages.

## **RELIEF REQUESTED**

9.      By this Motion, Defendant respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing Defendant to exceed the page limit requirement for the Reply.

**BASIS FOR RELIEF**

10.     Rule 7007-2(a)(iv) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provides that "no reply may exceed 15 pages."  Del. Bankr. L.R. 7007-2(a)(iv).  However, Local Rule 7007-2(a)(iv) also provides that a reply may exceed 15 pages with leave of the Court.  Del. Bankr. L.R. 7007-2(a)(iv).

11.     Defendant has filed his Reply simultaneously with the filing of this Motion.  The Reply is 20 pages and sets for the bases for granting the Motion to Dismiss.

12.     As pointed out in the Motion to Dismiss, the Complaint failed to put forward any basis for this Court to exert *in personam* jurisdiction over Defendant, leaving Defendant to guess as to the basis for jurisdiction in this case.  Accordingly, Defendant's opening brief—the Motion to Dismiss—was written based on the Complaint and his anticipation of the jurisdictional theories that Plaintiff might put forward in the Opposition.

13.     While some of Defendant's predictions were correct, Plaintiff also put forward theories of jurisdiction of which Defendant had no prior notice, including an attempt to attribute the contacts of an LLC registered in Delaware to Defendant, a theory based on the physical location of servers that allegedly hosted websites Plaintiff may or may not have ever accessed, and a different theory based on Internet posts attributed to Defendant.

14.     Plaintiff attached numerous exhibits it argued supported these theories. Additionally, Plaintiff attached nearly 700 pages of British legal authority supposedly in support of its arguments against dismissal of Plaintiff's deceit claim under the law of the British Virgin Islands.

15.     Moreover, Plaintiff was provided an additional five pages to press its arguments (even though Defendant conceded that one of its four claims should be dismissed in its entirety).

Plaintiff's Opposition includes numerous arguments and hundreds of pages of exhibits requiring response in the Reply.

16.     In short, although Defendant attempted to keep the Reply as succinct as possible, Defendant is unable to adequately respond to these new arguments in the page limit prescribed by the Local Rules.  Authorizing Defendant's Reply to exceed the page limitation set under Local Rule 7007-2 is reasonable and appropriate under these circumstances, and Defendant submits that there is more than ample justification for the relief requested herein.

## **CONCLUSION**

WHEREFORE, Defendant respectfully requests that this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A** (i) granting Defendant leave for the Reply to exceed the page limitation imposed by Local Rule 7007-2 and (ii) granting such other and further relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: April 18, 2025
      Wilmington, Delaware

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*          
David R. Hurst (I.D. No. 3743)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
Telephone: (302) 485-3900
E-mail: dhurst@mwe.com

- and -

Joseph B. Evans (admitted *pro hac vice*)
Darren Azman (admitted *pro hac vice*)
Cris W. Ray
Daniel H. Kaltman
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: jbevans@mwe.com
       dazman@mwe.com
       cray@mwe.com
       dkaltman@mwe.com

- and -

Sagar K. Ravi (admitted *pro hac vice*)
The McDermott Building
500 North Capital Street, NW
Washington, DC 20001
Telephone: (202) 756-8043
E-mail: sravi@mwe.com

*Counsel for Defendant Aleksandr "Sasha" Ivanov*