# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**KAREN B. OWENS**
**CHIEF JUDGE**



**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 533-3183**

June 2, 2025

**<u>Via CM/ECF</u>**

Adam G. Landis
Richard S. Cobb
Matthew B. McGuire
Howard W. Robertson IV
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, Delaware 19801

Stephen Ehrenberg
Brian D. Glueckstein
Stephanie G. Wheeler
Justin J. DeCamp
Christopher J. Dunne
Jacob M. Croke
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Tara C. Pakrouh
Cortlan S. Hitch
Siena B. Cerra
Morris James LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801

Jason P. Gottlieb
Heath D. Rosenblat
Michael Mix
Rachel Fleder
Morrison Cohen LLP
909 Third Avenue, 27th Floor
New York, NY 10022-4784

Jeremy W. Ryan
Jaclyn C. Levy
James R. Risener III
Ethan H. Sulik
Andrew C. Ehrmann
Potter Anderson &
Corroon LLP
1313 N. Market Street, 6th Fl.
Wilmington, Delaware 19801

Jonathan Youngwood
Nicholas Baker
Batoul Husain
Simpson Thacher &
Bartlett LLP
425 Lexington Avenue
New York, NY 10017

David R. Hurst
McDermott Will &
Emery LLP
The Brandywine Building
1000 N. West Street
Suite 1400
Wilmington, Delaware 19801

Joseph B. Evans
Darren Azman
Cris W. Ray
Daniel H. Kaltman
McDermott Will &
Emery LLP
One Vanderbilt Avenue
New York, NY 10017-3852

Sagar K. Ravi
McDermott Will &
Emery LLP
The McDermott Building
500 North Capital Street, NW
Washington, DC 20001

Counsel for Trust and Defendants Ivanov,
Skybridge Capital II, LLC, *et al.*, and Meerun
Page 2

Re:   *FTX Recovery Trust v. Nawaaz Mohammad Meerun*, Adv. Proc. No. 24-50198,
       D.I. 15 (*Motion to Stay Discovery Pending a Ruling on Defendant Mohammad
       Nawaaz Meerun's Motion to Compel*)

       *FTX Recovery Trust v. Skybridge Capital II, LLC, et al. (In re FTX Trading Ltd.,
       et al.)*,  Adv. Proc. No. 24-50209, D.I. 26 (*Defendants' Motion to Stay Discovery
       Pending a Ruling on Defendants' Motion to Compel Arbitration and to Dismiss
       and/or Stay*)

       *FTX Recovery Trust v. Aleksandr "Sasha" Ivanov, et al. (In re FTX Trading Ltd.,
       et al.)*, Adv. Proc. No. 24-50221, D.I. 8 (*Defendant Aleksandr "Sasha" Ivanov's
       Motion to Stay Discovery Pending Motion to Dismiss*)

Dear Counsel:

        Oral argument is scheduled on June 9, 2025 for each of the Defendants' above-referenced
motions to stay discovery (collectively, the "Motions to Stay").  I very much appreciate your
willingness to appear and present the Motions to Stay to aid the Court's decision-making on the
issues presented.  After reviewing the briefing on the Motions to Stay, however, I have decided to
cancel the oral argument as it would cause the parties to incur unnecessary effort and expense.  The
parties adequately presented the factual and legal issues in their briefing, and there is no compelling
need to prolong the Court's answer on these matters.  Because the Court's decision on the Motions
to Stay relies on certain considerations common to each adversary proceeding, I will address the
Motions to Stay collectively in this letter.

        Defendant Ivanov requests a stay of discovery until the Court determines his pending
motion to dismiss the Complaint filed by the FTX Recovery Trust (the "Trust") for, among other
things, lack of personal jurisdiction.[1]  The Skybridge Defendants and Defendant Meerun seek a
stay of discovery until the Court determines their pending motions to compel arbitration of certain
claims asserted by the Trust and to stay the remainder.[2]  The Court will refer to these pending
motions as the "Motions."  The Trust opposes the Motions to Stay and the Motions.[3]

        Courts have broad discretion to decide stay requests.[4]  "Courts typically rely on three
factors to determine whether a stay is appropriate:  (1) whether granting the stay will simplify
issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial
date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice

---

[1] Adv. Proc. No. 24-50221, D.I. 8, 14.

[2] Adv. Proc. No. 24-50198, D.I. 11, 15; Adv. Proc. No. 24-50209, D.I. 22, 26.

[3] Adv. Proc. No. 24-50198, D.I. 26, 36; Adv. Proc. No. 24-50209, D.I. 33, 52; Adv. Proc. No. 24-50221, D.I. 10, 26.

[4] *Elfar v. Twp. of Holmdel*, No 24-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) ("District courts retain broad
discretion to manage the docket and resolve discovery disputes."); *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817
(3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the
district court.").

Counsel for Trust and Defendants Ivanov,
Skybridge Capital II, LLC, *et al.*, and Meerun
Page 3

from any delay or allow the movant to gain a clear tactical advantage."[5]  Here, these factors favor granting a partial stay of discovery.

The adversary proceedings are in their infancy but are governed by case management plans and scheduling orders.[6]  A stay of discovery would impede progress under those plans and orders and delay ultimate adjudication of the adversaries, weighing against a stay.[7]  Notwithstanding, the Motions may simplify issues for trial.  I need not evaluate the legal merits of the Motions.  It is enough to "take known factors (e.g., the scope of the motion as it relates to the claims and issues in the cases) and assess how they might weigh in favor or against simplification."[8]  Defendant Ivanov's proceeding may be dismissed in toto.  For the Skybridge Defendants and Defendant Meerun, certain claims asserted against them may be sent to arbitration with the remainder stayed until that process completes.  The potential futility of discovery weighs in favor of a stay.[9]

I acknowledge, as courts often do when confronted with stay requests, that the Defendants may fail to succeed on their Motions.[10]  But because the issues presented in the Motions involve issues of arbitrability and personal jurisdiction, the equities tilt in favor of the Defendants.[11]  Requiring parties who agree to arbitrate to engage in full discovery under the Federal Rules of Civil Procedure "may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid.'"[12]  Likewise, parties have a right not to

---

[5] *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-871, 2019 WL 1276029, at *1 (D. Del. Mar. 20, 2019) (applying factors to determine whether to stay a proceeding pending appeals and other proceedings); *see also Ferrari v. Forbes Media, LLC*, No. 25-12, 2025 WL 860064 (D. Del. Mar. 19, 2025) (applying factors to determine whether to stay discovery pending resolution of a motion to dismiss); *Bataan Licensing LLC v. DentalEZ, Inc.*, No. 22-238, 2023 WL 143991 (D. Del. Jan. 10, 2023) (same); *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. 14-1192, 2015 WL 1737476 (D. Del. Apr. 9, 2015) (same).

[6] Adv. Proc. No. 24-50198, D.I. 5; Adv. Proc. No. 24-50209, D.I. 14; Adv. Proc. No. 24-50221, D.I. 22.

[7] *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, No. CV 17-1687, 2019 WL 126192, at *1 (D. Del. Jan. 8, 2019) ("A district court must assess each case on its own merits, and must also be mindful of its responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims.").

[8] *Kaavo*, No. 14-1192, 2015 WL 1737476, at *2 n.4.

[9] *See, e.g.*, *Elfar*, No. 24-1353, 2025 WL 671112, at *5 ("courts may reasonably stay discovery pending a motion to dismiss where the motion may render discovery futile"); *Mann v. Brenner*, 375 Fed. Appx. 232 (3d Cir. 2010) (finding no abuse of discretion when a court stayed discovery pending consideration of a motion to dismiss because "if the motion is granted, discovery would be futile.").

[10] *See, e.g.*, *Ferrari*, No. 25-12, 2025 WL 860064, at *3 ("[W]hile the cases would certainly be greatly simplified were the motions to dismiss ultimately to be granted as to all asserted claims (since the cases would all then end soon after), were the motions denied, little efficiency gain would be realized.").

[11] *See, e.g.*, *Kaavo*, No. 14-1192, 2015 WL 1737476, at *4 n.10 ("[D]emonstrating that it would face undue hardship or prejudice in the absence of a stay can be beneficial to a moving party in the stay calculus . . . .").

[12] *Klepper v. SLI, Inc.*, 45 Fed. Appx. 136, 139 (3d Cir. 2002) (quoting *Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988)); *see also Sarah Car Care, Inc. v. LogistiCare Sols., LLC*, No. 21-3108, 2023 WL 5378845, at *3 (vacating a court's denial of a protective order and noting that "[r]equiring the parties to undergo full discovery without a clear decision regarding the motion to compel [arbitration] may erase the 'benefits of arbitration' such as 'efficiency, less expense, less intrusive discovery, and the like' that . . . the parties contracted for.") (quoting *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023)).

Counsel for Trust and Defendants Ivanov,
Skybridge Capital II, LLC, *et al.*, and Meerun
Page 4

litigate in a forum where the Court lacks personal jurisdiction over them and until that
determination is made, full discovery undermines due process considerations.[13]

       Accordingly, I will stay full discovery until I am able to decide the Motions.
Notwithstanding, I will permit discovery on any arbitrability and jurisdictional issues if necessary
and appropriate.  An order will follow.

Sincerely,

Karen B. Owens
Chief Judge

---

[13] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (personal jurisdiction is meant to "protect[]
the defendant against the burdens of litigating in a distant or inconvenient forum."); *see also William Powell Co. v.
Aviva Ins. Ltd.*, No. 21-cv-522, 2023 WL 5162654, at *7 & n.14 (S.D. Ohio Aug. 11, 2023) (explaining it would be
"wasteful" to require full discovery participation by foreign defendant when, if motion to dismiss for lack of personal
jurisdiction were granted, defendant could not be compelled to respond); *Victoria's Secret Stores Brand Mgmt., Inc. v.
Bob's Stores LLC*, No. 13-cv-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014) (cautioning against broad
jurisdictional discovery, explaining that "'courts must ensure that jurisdictional discovery does not undermine the due
process considerations that personal jurisdiction is designed to protect.'" (quoting *In re Porsche Cars N. Am., Inc.*,
No. 11-md-2233, 2012 WL 4361430, at *2 (S.D. Ohio Sept. 25, 2012)).